UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>PATRICK OKROI,<br><br>    Defendant. | 5:17-CR-50073-KES-1<br><br>ORDER DENYING MOTION<br>FOR COMPASSIONATE RELEASE |

  Defendant, Patrick Okroi, filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Docket 251. The Federal Public Defender filed a notice of intent not to file supplemental briefing on Okroi's behalf. Plaintiff, the United States of America, opposes the motion. Docket 254. For the following reasons, Okroi's motion for compassionate release is denied.

## DISCUSSION

  Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). One narrow exception is the First Step Act (FSA), passed by Congress in 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants in certain circumstances to file motions with the court seeking compassionate release. *Id.* Compassionate release allows defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a reduction in sentence must consider the § 3553(a) sentencing factors and be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The burden to

establish that a sentence reduction is warranted rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The Sentencing Commission's policy statement on compassionate release requires "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)-(b). The policy statement was amended on November 1, 2023, to reflect the FSA's empowerment of federal courts to adjudicate defendant-initiated motions for compassionate release. U.S.S.G. § 1B.13, amend. 814.

## I. Administrative Exhaustion

Before the FSA's passage, only the BOP Director had the authority to bring a compassionate release motion on a defendant's behalf. *See* 18 U.S.C. § 3582(c)(1)(A) (2002), *amended by* 18 U.S.C. § 3582(c)(1)(A) (2018). With the enactment of the FSA, Congress has permitted courts to grant a motion for a reduction in sentence filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of thirty days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Okroi appeared to have mailed the warden of his facility a letter, requesting compassionate release. Docket 251-1 at 1-2. The record does not reflect that the Warden received this letter and does not reflect a response from the Warden. *See generally* Dockets 251-1, 252, 253. The United States does not challenge Okroi's exhaustion of his administrative remedies. *See generally*

Docket 254. Because the United States does not challenge Okroi's administrative exhaustion, it has waived the argument. *See United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (characterizing 18 U.S.C. § 3582(c)(1)(A)'s procedural requirements as "mandatory claim-processing rule[s]" that "must be enforced so long as the opposing party properly raises it;" *see also United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) ("Not a jurisdictional limitation, § 3582(c)(1)(A)'s exhaustion requirement is a 'claim-processing rule[]' and accordingly 'may be waived or forfeited' by the government." (quotation omitted)). Because the government has not raised the issue, the court will review the merits of Okroi's motion.

## II.   Extraordinary and Compelling Reasons

Okroi states he is "asking for compassionate early release due to medical problems with [his] heart." Docket 251 at 1. He states he is currently on "the home confinement program" and has been "on an ankle monitor since [his] release on 24-July-2023." *Id.* The United States argues Okroi's motion should be denied as moot because "Okroi has been placed on home confinement, any need for further consideration of his motion for compassionate release appears to have been alleviated. No complete release is necessary to allow him to make arrangements to care for his medical conditions on his own." Docket 254 at 2.

The guidelines identify four situations in which the medical circumstances of the defendant constitute an extraordinary and compelling reason warranting early release.

The first subcategory of medical circumstances warranting early release

3

is where the defendant has a terminal illness or a serious and advanced illness with an end of life trajectory. U.S.S.G. § 1B1.13(b)(1)(A). Okroi does not allege that he suffers from a terminal illness. *See generally* Docket 251. Additionally, Okroi's medical records support that he is not on an end-of-life trajectory. *See generally* Dockets 252, 253. Thus, terminal illness is not an extraordinary and compelling reason justifying Okroi's compassionate release.

The second subcategory of medical circumstances warranting early release is where the defendant suffers from a serious physical or mental condition that substantially diminishes the defendant's ability to provide self-care within the correctional facility. U.S.S.G. § 1B1.13(b)(1)(B). Okroi is not in a correctional facility; therefore, U.S.S.G. § 1B1.13(b)(1)(B) does not apply.

The third subcategory of medical circumstances warranting early release is where the defendant has a condition that requires long-term or specialized care that is not being provided and without which the defendant's health may seriously deteriorate. U.S.S.G. § 1B1.13(b)(1)(C). Okroi is on home release; therefore, he is responsible for his own medical care. Okroi stated he is "a 100% disabled veteran and [will] have [his] medical, dental and eye care taken care of for life." Docket 251-1 at 1. The record supports that Okroi's medical conditions are being appropriately managed. *See generally* Dockets 252, 253. While not unsympathetic, the court finds that Okroi's medical conditions are properly managed; therefore, it does not constitute an extraordinary or compelling reason for compassionate release.

The fourth subcategory of medical circumstances warranting early release is where the defendant is in a correctional facility at imminent risk of a public health emergency or outbreak of infectious disease, the defendant is especially at risk, and that risk cannot be adequately and timely mitigated. U.S.S.G. § 1B1.13(b)(1)(D). Because Okroi is not housed at a correctional facility, U.S.S.G. § 1B1.13(b)(1)(D) does not apply.

## CONCLUSION

Okroi failed to satisfy the extraordinary and compelling reason standard. Thus, it is ORDERED that Okroi's motion for relief under the FSA (Docket 251) is denied.

Dated April 1, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE